IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ZABORA BROWN, Individually, and as the Natural Parent and Next Friend of ANTRAVEIOUS PAYNE,<br><br>**Plaintiff,**<br><br>v.<br><br>CITY OF ATLANTA, a Municipal Corporation of the State of Georgia; and MATTHEW JOHNS, Individually and in his official capacity as a Police Officer of the City of Atlanta Police Department,<br><br>**Defendants.** | CIVIL ACTION<br>FILE NO. _____ |

## COMPLAINT

COMES NOW Plaintiff ZABORA BROWN, Individually, and as the Natural Parent and Next Friend of ANTRAVEIOUS PAYNE, ("Plaintiff BROWN"), and hereby files this Complaint against Defendant, CITY OF ATLANTA, ("Defendant CITY OF ATLANTA"), MATTHEW JOHNS, ("Defendant JOHNS"), individually and in his official capacity as a Police Officer of the City of Atlanta Police Department, as follows:

## JURISDICTION AND VENUE

1.

This is an action brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States as applied to the State of Georgia and its entities, officials, and employees, as well as the statutes and common law of the State of Georgia.

2.

Venue is proper in the Northern District of Georgia, Atlanta Division, as all acts complained of occurred in Fulton County, Georgia. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, 1343, and 1391.

3.

Plaintiff BROWN, as the natural parent and next friend of Antraveious Payne, seeks general and compensatory damages, interest and attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and/or malicious, intentional, and reckless acts of all Defendants. Plaintiff BROWN also in her Individual capacity seeks damages for past, present, and future medical expenses pursuant to 42 U.S.C. § 1988 and/or malicious, intentional and reckless acts of all Defendants.

## **IDENTIFICATION OF PARTIES**

4.

Plaintiff ZABORA BROWN is the mother of ANTRAVEIOUS PAYNE. Plaintiff BROWN is, and at all relevant times was, a citizen of the United States and a resident of the County of Fulton, State of Georgia and is entitled to bring this action under Georgia law for all general, special, compensatory and permissible damages.

5.

Defendant CITY OF ATLANTA is, and at all relevant times, was a municipal corporation organized and existing under the laws of the State of Georgia and is responsible for the policies, practices, customs and regulations of the City of Atlanta Police Department; and for the hiring, training, supervision and discipline of agents, employees and police officers of the City of Atlanta Police Department. Said Defendant may be served by serving Mayor Kasim Reed through the City of Atlanta Department of Law, 55 Trinity Avenue, Suite 5000, Atlanta, Georgia 30303.

6.

Defendant MATTHEW JOHNS (hereinafter referred to as "Defendant JOHNS") is, and at all relevant times was, a sworn police officer of the City of

3

Atlanta with the City of Atlanta Police Department. In his capacity as a police officer, Defendant JOHNS was responsible for policing the City of Atlanta under the color and pretense of the federal and state laws, as well as the ordinances, regulations, customs, and usages of the State of Georgia and the City of Atlanta Police Department. Defendant JOHNS is a resident and citizen of the State of Georgia and may be served with process at his personal residence, 7371 N Mitchell Court, Villa Rica, Georgia, 30180-7684.

7.

Plaintiff pleads and states that Defendants and their agents and employees, including but not limited to Defendant JOHNS, acted willfully and wantonly toward ANTRAVEIOUS PAYNE, proximately causing his injuries. Therefore, no immunity applies in this matter. Moreover, Defendant CITY OF ATLANTA has exhibited a pattern and practice of ignoring and violating the rights of the citizens of Georgia, including ANTRAVEIOUS PAYNE, which proximately caused injuries to ANTRAVEIOUS PAYNE and, furthermore, negligently supervised and trained their employees despite their knowledge of the need to do so.

## FACTUAL ALLEGATIONS

8.

At all relevant times, Defendant JOHNS was a sworn member of the City of

Atlanta Police Department, and was acting under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Georgia and the City of Atlanta Police Department and under the authority of their office and within the scope of his employment as a police officer.

9.

On September 15, 2016, ANTRAVEIOUS PAYNE was the front seat passenger, and one of three minors, in a vehicle being pursued by Atlanta Police Officers, including Defendant JOHNS, when their vehicle came to a stop on Lucile Avenue, SW, near Lawton Street in Fulton County, Georgia.

10.

After the car stopped, ANTRAVEIOUS PAYNE exited the vehicle was lying prone on the ground with his arms and hands outstretched in front of him.

11.

Defendant JOHNS exits his police vehicle, runs up to ANTRAVEIOUS PAYNE, who is still lying on the ground with his arms outstretched, and kicks ANTRAVEIOUS PAYNE in his face, neck and shoulder area.

12.

Defendant JOHNS then kicks ANTRAVEIOUS PAYNE a second time, this time in the back of the head.

13.

Defendant JOHNS next puts his knees and full body weight on ANTRAVEIOUS PAYNE's back and punches him four to five times with a closed fist on the left side of his body while placing ANTRAVEIOUS PAYNE in handcuffs.

14.

Once the beating is complete, Defendant JOHNS makes an obscene gesture with his middle finger.

15.

At all times during Defendant JOHNS' attack, ANTRAVEIOUS PAYNE lays prone with his arms and hands outstretched in front of him.

16.

At no time during Defendant JOHNS' attack did ANTRAVEIOUS PAYNE attempt to flee.

17.

Prior to, and at the time of Defendant JOHNS' attack, ANTRAVEIOUS PAYNE was unarmed and posed no significant threat of death or serious injury to either Defendant JOHNS or the public.

18.

ANTRAVEIOUS PAYNE was rushed to Grady Hospital as a result of being repeatedly kicked and punched by Defendant JOHNS.

19.

An investigation into this beating by the Atlanta Police Department determined that Defendant JOHNS violated the policies of the Atlanta Police Department.

20.

The investigation further found that by kicking and punching ANTRAVEIOUS PAYNE, Defendant JOHNS used maltreatment and unnecessary force, among other violations.

21.

Defendant JOHNS violated ANTRAVEIOUS PAYNE'S civil rights under both the United States Constitution and the United States Code, including excessive force and violation of due process.

22.

Upon information and belief, the Defendant CITY OF ATLANTA, to include the City of Atlanta Police Department and its supervisors, have maintained a system of review of police conduct which is so untimely and cursory as to be

ineffective and to permit and tolerate the unreasonable excessive use of force by police officers.

23.

The acts, omissions, systemic flaws, policies, and customs of Defendant CITY OF ATLANTA, to include the City of Atlanta Police Department, and its supervisors, caused police officers of the City of Atlanta to believe that the excessive and unreasonable use of force would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers are more likely to use excessive or unreasonable force against ANTRAVEIOUS PAYNE and others in the future.

## **COUNT ONE: VIOLATION OF CONSTITUTIONAL RIGHTS**
## **(CLAIM FOR COMPENSATORY DAMAGES)**

24.

Plaintiff re-alleges and incorporates paragraphs 1-23 of the Complaint as though they were fully set forth herein.

25.

Per U.S.C. § 1983, the intentional beating of ANTRAVEIOUS PAYNE without legal justification by Defendant JOHNS violated the rights of ANTRAVEIOUS PAYNE as guaranteed by the Fifth and Fourteenth Amendments

to the United States Constitution, for which all named Defendants are individually liable.

## COUNT TWO: VIOLATION OF CONSTITUTIONAL RIGHTS
## (CLAIM FOR EXEMPLARY DAMAGES)

26.

Plaintiff re-alleges and incorporates paragraphs 1-25 of the Complaint as though they were fully set forth herein.

27.

Per 42 U.S.C. § 1983, the intentional beating of ANTRAVEIOUS PAYNE by Defendant JOHNS when ANTRAVEIOUS PAYNE was unarmed and did not pose a threat of death or grievous bodily injury to Defendant JOHNS or others, and therefore, Defendants had no lawful authority to use excessive force against ANTRAVEIOUS PAYNE, and said force was done with actual malice toward ANTRAVEIOUS PAYNE and with willful and wanton indifference to and deliberate disregard for the constitutional rights of ANTRAVEIOUS PAYNE. Plaintiff is thus entitled to exemplary damages.

## COUNT THREE: VIOLATION OF STATUTORY CIVIL RIGHTS

## (CLAIM FOR COMPENSATORY DAMAGES)

28.

Plaintiff re-alleges and incorporate paragraphs 1-27 of the Complaint as though they were fully set forth herein.

29.

The intentional beating of ANTRAVEIOUS PAYNE by Defendant JOHNS when ANTRAVEIOUS PAYNE was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others, and therefore Defendants had no lawful authority to use deadly or non-deadly force against ANTRAVEIOUS PAYNE, and said force was done with actual malice toward ANTRAVEIOUS PAYNE and with willful and wanton indifference to and deliberate disregard for the statutory rights of ANTRAVEIOUS PAYNE.

## COUNT FOUR: 42 U.S.C. § 1983 – MONELL LIABILITY

## (CLAIM FOR COMPENSATORY DAMAGES)

30.

Plaintiff re-alleges and incorporates paragraphs 1-29 of the Complaint as though they were fully set forth herein.

31.

It was the policy and practice of the CITY OF ATLANTA and the City of Atlanta Police Department to employ certain police officers, including Defendant JOHNS as described in the foregoing paragraphs.

32.

For a significant period leading up to the beating of ANTRAVEIOUS PAYNE, Defendant CITY OF ATLANTA, to include the City of Atlanta Police Department, have had a persistent and widespread practice of authorizing certain officers, including Defendant JOHNS, to cover up the use of excessive force despite the lawful authority to use such force.

33.

Defendant CITY OF ATLANTA and the City of Atlanta Police Department were aware of and deliberately indifferent to this widespread and systemic corruption within the Atlanta Police Department.

34.

Further, their deliberate indifference allowed said corruption to flourish and increase in the years leading up to the beating of ANTRAVEIOUS PAYNE. Such custom, policy, and practice were the driving force leading to the violation of ANTRAVEIOUS PAYNE'S civil rights, as described in Counts One through

Three of this Complaint.

35.

Defendants have a persistent and widespread practice of allowing the City of Atlanta Police officers to use unreasonable and excessive force without justification, and were deliberately indifferent to this practice and custom within the Atlanta Police Department, thereby allowing the deprivation of ANTRAVEIOUS PAYNE'S civil rights, as described in Counts through Three of this Complaint.

36.

Defendants have a persistent and widespread practice of allowing the City of Atlanta Police officers to violate the City of Atlanta Police Department's own policies and procedures. Further, these Defendants were deliberately indifferent to this practice and custom within the Atlanta Police Department by failing to enforce policies; failing to properly train; failing to properly discipline; thus creating a culture within the City of Atlanta Police Department wherein violating citizen's civil rights was not only tolerated, but also encouraged; thereby allowing the deprivation of ANTRAVEIOUS PAYNE's civil rights, as described in Counts One through Three of this Complaint.

37.

Defendants have a persistent and widespread practice of failing to properly train and supervise the City of Atlanta Police officers, thereby allowing the deprivation of ANTRAVEIOUS PAYNE'S civil rights, as described in Counts One through Three of this Complaint.

38.

Defendant CITY OF ATLANTA has a persistent and widespread practice of ratifying and condoning the unlawful and illegal activity of the City of Atlanta Police officers, thereby allowing the deprivation of ANTRAVEIOUS PAYNE'S civil rights, as described in Count One through Three of this Complaint.

39.

Defendant CITY OF ATLANTA, in failing to properly train, monitor, and supervise the City of Atlanta Police officers, deprived ANTRAVEIOUS PAYNE of his civil rights, as described in Count One through Three of this Complaint.

## **COUNT FIVE: DAMAGES**

40.

Plaintiffs re-allege and incorporate paragraphs 1-43 of the Complaint as though they were fully set forth herein.

41.

As a result of the aforementioned conduct, Plaintiffs have suffered damages as outlined in detail in this Complaint, including the past, present and future pain and suffering of ANTRAVEIOUS PAYNE.

42.

As a direct and proximate result of the aforementioned conduct of the Defendants, ANTRAVEIOUS PAYNE endured significant damages, injuries, and past and future pain and suffering and medical expenses incurred by Plaintiff ZABORA BROWN.

43.

Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to an award of reasonable attorneys' fees and costs of litigation.

**WHEREFORE**, Plaintiff ZABORA BROWN prays as follows:

a) That process issue and that Defendants be served according to the law;

b) That Plaintiffs have a trial by jury;

c) That Plaintiff has and recovers a verdict and judgment against Defendants, jointly and severally, in their official and individual capacities for all compensatory and general damages, and for

reasonable attorney fees pursuant to 42 U.S.C. § 1988, and for all such amounts as may be proven before the trier of fact;

d) For judgment against the Defendants, jointly and severally, in an amount sufficient to compensate Plaintiff for the medical expenses incurred to date, as well as for medical expenses which will be incurred in the future; and

e) That Plaintiff has such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted this 30th day of November, 2017.

/s/Shean D. Williams
Shean D. Williams, Esq.
Georgia State Bar No.: 764139
Samuel L. Starks, Esq.
Georgia State Bar No.: 676515
Mecca S. Anderson, Esq.
Georgia State Bar No. 624622
***Attorneys for Plaintiff***

THE COCHRAN FIRM ATLANTA
The Equitable Building
100 Peachtree Street, Suite 2600
Atlanta, Georgia 30303
T: 404-222-9922
F: 404-222-0170
SWilliams@cochranfirmatl.com
SStarks@cochranfirmatl.com
MAnderson@cochranfirmatl.com

15